```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
LEENA KUMAR,                                                      :
                                                                  :
                        Plaintiff,                                :
                                                                  :      23-CV-321 (JMF)
                -v-                                               :
                                                                  :      MEMORANDUM OPINION
BARRAK ABDULMOHSEN ALHUNAIF, et al.,                              :          AND ORDER
                                                                  :
                        Defendants.                               :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On July 22, 2023, Plaintiff moved for leave to serve Defendants using alternative service — namely, through Facebook. ECF No. 11. Plaintiff argues that service on certain Facebook accounts that Plaintiff believes are Defendants' accounts would suffice under Rule 4(f)(3) of the Federal Rules of Civil Procedure and the Due Process Clause, pointing to district court decisions in this Circuit that Plaintiff states have allowed for service via Facebook or other social media. ECF No. 12 ("Pl.'s Mem."), at 3-6.

The Court agrees that alternative service would be appropriate but is not prepared to approve service through Facebook alone. Courts in this District (including in the cases Plaintiff cites) have generally rejected requests to serve defendants *exclusively* through Facebook, at least where, as here, the evidence that the account belongs to the defendant (and that the defendant regularly uses the account) is limited to the name, images, and friends associated with the account. *See, e.g., F.T.C. v. Pecon Software Ltd.*, No. 12-CV-7186 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("To be sure, if the FTC were proposing to serve defendants *only* by means of Facebook, as opposed to using Facebook as a supplemental means of service, a substantial question would arise whether that service comports with due process."); *Fortunato v.*

*Chase Bank USA,* No. 11-CV-6608 (JFK), 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012) (authorization for service by Facebook denied because the plaintiff had "not set forth any facts that would give the Court a degree of certainty that the Facebook profile [the plaintiff's] investigator located is in fact maintained by [the defendant] or that the email address listed on the Facebook profile is operational and accessed by [the defendant]"); *Doe v. Hyassat*, 337 F.R.D. 12, 15-16 (S.D.N.Y. 2020) (explaining that "this Court's research indicates that courts have relied on Facebook service only as a 'backstop' for service by other means" and denying the plaintiff's motion because the plaintiff did not demonstrate "that the Defendant regularly uses and maintains the Facebook account at issue . . . nor has Plaintiff offered evidence sufficient to demonstrate that the Facebook user is in fact the Defendant.").

Accordingly, the motion is DENIED without prejudice to renewal if Plaintiff can provide additional evidence demonstrating that service by Facebook would be reasonably calculated to apprise Defendants of this suit.

SO ORDERED.

Dated: July 26, 2023
        New York, New York

_____
JESSE M. FURMAN
United States District Judge