UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEENA KUMAR,<br><br>                              Plaintiff,<br><br>v.<br><br>BARRAK ABDULMOHSEN ALHUNAIF<br>and KHALEDAH SAAD ALDHUBAIBI,<br><br>                              Defendants. | 23-CV-321 (DEH)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

     Plaintiff Leena Kumar brings this complaint claiming, *inter alia*, violations of the Trafficking Victims Protection Act, 18 U.S.C. § 1595, against Defendants Barrak Abdulmohsen Alhunaif and Khaledah Saad Aldhubaibi. This matter is before the Court on Plaintiff's second motion for alternative service on Defendants under Rule 4(f)(3).[1] *See* ECF No. 24. For the reasons stated below, Plaintiff's motion is GRANTED with respect to Defendant Alhunaif, but DENIED with respect to Defendant Aldhubaibi.

## BACKGROUND

     Plaintiff filed the Complaint in this matter on January 13, 2023. *See* ECF No. 1. Plaintiff alleges she was subject to human trafficking at the hands of Defendants, suffering from physical abuse, threats, and wage theft, among other things. *Id.* Defendants are Barrak Abdulmohsen Alhunaif, the former attaché of the Permanent Mission of the State of Kuwait to the United Nations, and his wife, Khaledah Saad Aldhubaibi, who employed the Plaintiff as a housekeeper in New York City. *Id.*

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

In a sworn declaration, Daniel Werner, co-counsel for Plaintiff, states that "Defendants reside in the country of Kuwait," based on a "conversation with counsel for the Kuwait Mission" who stated, "Defendants were recalled to Kuwait as soon as the country heard from the State Department about potential criminal charges against them." Declaration of Daniel Werner ("Werner Decl.") ¶ 4, ECF No. 26. On October 11, 2022, Defendants were indicted on charges of visa fraud, fraud in foreign labor contracting, and forced labor in violation of the Trafficking Victims Protection Act ("TVPA"). *See* ECF No. 1-1; *see also* Werner Decl. ¶ 9.

On July 22, 2023, Plaintiff moved for leave to serve Defendants using alternative service through Facebook alone. *See* ECF No. 11. The Court denied the motion without prejudice to renewal on July 26, 2023. *See* ECF No. 14. On August 4, 2023, Plaintiff moved for third-party discovery to procure information in aid of effectuating proper service. *See* ECF No. 15. The Court granted Plaintiff's motion for third-party discovery. *See* ECF No. 18. On October 9, 2023, Plaintiff requested leave to serve an additional subpoena on WhatsApp, LLC. *See* ECF No. 19. The Court granted this request and directed Plaintiff to file a renewed motion for alternative service or a status letter detailing her efforts to effectuate service. *See* ECF No. 20.

Plaintiff moves for the second time for an order permitting alternative service on Defendants in Kuwait under Rule 4(f)(3). *See* ECF No. 24. In this renewed motion, Plaintiff proposes four methods of alternative service for each Defendant. For both Defendants, Plaintiff proposes to effect service by text messages and Facebook messages directly to each of the Defendants' cell phone numbers and Facebook accounts. In addition, Plaintiff intends to serve Defendant Alhunaif through emails to two email addresses, and messages to his WhatsApp account. *See* Memorandum of Law ("Pl.'s Memo"), ECF No. 25, at 8, 11. For Defendant Aldhubaibi, Plaintiff proposes alternative service through messages to her spouse's email addresses and WhatsApp account. *Id.* at 11.

2

## LEGAL STANDARD

When a defendant is outside the United States, Rule 4(f)(3) allows for service "by other means not prohibited by international agreement, as the court orders." Service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Prediction Co. LLC v. Rajgarhia*, No. 09 Civ. 7459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)); *accord Convergen Energy LLC v. Brooks*, No. 20 Civ. 3746, 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020) (similar).

"The decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." *United States v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012).[2] Under Rule 4(f)(3), "a Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *SEC v. Anticevic*, No. 05 Civ. 6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009).

## DISCUSSION

As explained below, the Court concludes that the Hague Convention does not apply because Defendants' address(es) are unknown. Plaintiff exercised reasonable diligence in searching for physical addresses for Defendants but could not identify them. The Court further concludes that, with respect to Defendant Alhunaif, Plaintiff's proposed alternative service methods—featuring service by personal email, with three additional modes (text, WhatsApp, and

---

[2] Unless otherwise noted, when quoting judicial decisions, this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Facebook) as backstops, complies with due process. But the Court also concludes that Plaintiff's proposed alternative service methods with respect to Defendant Aldhubaibi—including proposed service via her *husband's* email addresses rather than her own—does not.

### A. The Hague Convention Does Not Apply

Service on defendants residing abroad is effected through the Hague Convention. Fed. R. Civ. P. 4(f)(1). The Hague Service Convention is a multilateral treaty intended "to simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017). "Compliance with the [Hague] Convention is mandatory in all cases to which it applies." *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1389 (S.D.N.Y. 2022) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988))*, appeal dismissed sub nom. Smart Study Co. v. HAPPY PARTY-001*, No. 22 Civ. 1810, 2023 WL 3220461 (2d Cir. May 3, 2023). The United States and Kuwait are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention").[3]

Critically, "the Hague Convention does not apply . . . where 'the address of the person to be served with the document is not known to the party serving process.'" *Kyjen Co. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to the Complaint* (*Kyjen Co. II*), No. 23 Civ. 612, 2023 WL 2330429, at *2 (S.D.N.Y. Mar. 2, 2023) (quoting *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 Civ. 4914, 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017)). "Courts in this Circuit have found an address is not known if

---

[3] *See* The World Organisation for Cross-border Co-operation in Civil and Commercial Matters, *Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Nov. 27, 2023).

4

the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14 Civ. 1112, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018).

While "reasonable diligence" is a fact-specific inquiry, "[c]ourts in this District have consistently held that multiple modes of attempted contact typically are required." *Kyjen Co. II*, 2023 WL 2330429, at *3 (citing cases); *see also Kelly Toys Holdings, LLC v. Top Dep't Store*, No. 22 Civ. 558, 2022 WL 3701216, at *7 (S.D.N.Y. Aug. 26, 2022) (finding that the plaintiff exercised reasonable diligence through "extensive and multi-dimensional efforts"); *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22 Civ. 2483, 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (finding reasonable diligence when plaintiff conducted "further online research, sent mail to the addresses, and conducted in-person visits" to determine whether physical addresses provided by Amazon were accurate).

Here, Plaintiff has exercised reasonable diligence by (1) "mail[ing] copies of the Summonses and Complaint to the Kuwait Mission in New York City," (2) speaking with counsel for the Kuwaiti Mission to locate Defendants' addresses and contact information, (3) conducting online searches, and (4) speaking with "government officials, including a Special Agent with the State Department Diplomatic Security Service . . . to locate an address for Defendants." Pl.'s Memo at 7; *see also* Werner Decl. ¶¶ 5-9. Despite these efforts, Plaintiff has been unable to identify any addresses for Defendants.

These efforts establish that Plaintiff Kumar, through counsel, has conducted reasonable diligence in attempting to find a physical address for service of process. Courts have found plaintiffs to have exercised reasonable diligence where plaintiff "attempted to obtain [the defendant's] address in a variety of ways." *Prediction Co.*, 2010 WL 1050307, at *2; *see also Shen*, 2018 WL 4757939, at *4 (finding the plaintiff exercised reasonable diligence by

5

"research[ing defendants'] websites . . . complet[ing] multiple Internet-based searches, call[ing] known phone numbers, and conduct[ing] in-person visits where reasonable").

Accordingly, Plaintiff has exercised reasonable diligence in attempting to find physical addresses for Defendants, but they remain unknown. Plaintiff is thus exempted from the Hague Convention.

### B. Alternative Modes of Service

Because the Hague Convention does not apply here,[4] the Court considers whether the proposed service methods are sufficient to satisfy constitutional due process under *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950). A proposed method of service comports with constitutional notions of due process when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Luessenhop v. Clinton Cnty.*, 466 F.3d 259, 269 (2d Cir. 2006).

#### 1. Service on Defendant Alhunaif

Plaintiff proposes four methods of alternative service for Defendant Alhunaif: (1) email, (2) text messages, (3) WhatsApp messages, and (4) Facebook messages. *See* Pl.'s Memo at 8,

---

[4] Since the Hague Convention does not apply, the Court does not consider whether the proposed alternative modes of service are permissible under the Hague Convention. As the recent opinion in *Smart Study Co. v. Acuteye-Us* ably explained, email service is not permitted where signatories to the Hague Convention object to service by postal channels. 620 F. Supp. 3d at 1393. *Smart Study* explained that the Hague Convention "is meant to set forth simple and certain methods of service that can be used to serve foreign litigants" and "to infer that that the Convention's silence as to a particular method [of service] equates to an implied permission to use virtually any method of service not proscribed by the Convention contravenes that purpose." *Id.* at 1396. *Smart Study*, however, also acknowledged that the Hague Convention does not apply where, as here, the plaintiff "exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Id.* at 1390-91. *See also Advanced Access Content Sys. Licensing Adm'r, LLC*, 2018 WL 4757939, at *4 (collecting cases).

11. Because service by email to Defendant's email addresses is proper, and Plaintiff's other proposed service methods act as additional backstops, alternative service for Defendant Alhunaif is granted.

As an initial matter, courts in this District have routinely allowed service by email. "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013); *accord Pearson Educ. Inc. v. Doe 1*, No. 18 Civ. 7380, 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) ("Email service has also repeatedly been found by courts to meet the requirements of due process.").

Plaintiff seeks to serve Defendant Alhunaif through two personal email addresses: "nycbarrak@hotmail.com" and "barookee@hotmail.com," associated with Alhunaif's WhatsApp and Facebook accounts. Werner Decl. ¶¶ 18, 21. In response to a subpoena, Meta produced an email address associated with Alhunaif's active Facebook account, barookee@hotmail.com. *See id.* ¶ 18; *see also* ECF No. 26-3. WhatsApp also produced the recovery email address, nycbarrak@hotmail.com, for Defendant Alhunaif's WhatsApp account. *See* Werner Decl. ¶ 21; *see also* ECF No. 26-4.

Furthermore, Plaintiff offers additional information "indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14 Civ. 9913, 2015 WL 3457452, at *8 (S.D.N.Y. June 1, 2015) (quoting *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014)). Plaintiff's counsel, Hugh Baran, verified that Defendant Alhuanaif's two email addresses are operational through three email validation services—www.hunter.io, www.verifyemailaddress.org, and www.neverbounce.com. *See* Declaration of Hugh Baran

7

("Baran Decl.") ¶¶ 3-6, ECF No. 27.  These verification websites confirm that both email addresses are still active and will not "bounce back" as undeliverable to the sender.

Service through email alone comports with due process, but Plaintiff also seeks to serve Alhunaif through text messages to his cell phone.  Plaintiff received responsive documents from Verizon confirming that the mobile phone number "is associated with Defendant Alhuanaif." Werner Decl. ¶ 14(a), *see also* ECF No. 26-1.  The responsive documents also demonstrate that the mobile phone number has made multiple calls to Alhunaif's former employer, the Kuwaiti Mission for the United Nations.  Werner Decl. ¶ 14(b).  Furthermore, there is evidence that there were incoming calls at least through August 22, 2023, and that bills on the account had been paid at least through July 21, 2023.  *Id.* ¶ 14(e).

Courts have authorized service by text message as a component of a multi-prong service plan.  *See, e.g., Marvici v. Roche Facilities Maint. LLC*, No. 21 Civ. 4259, 2021 WL 5323748, at *5 (S.D.N.Y. Oct. 6, 2021) (permitting service via certified mailing and text message because plaintiff established it was likely to apprise defendant of lawsuit); *United States v. Fleming*, No. 20-CV-1109, 2021 WL 1036075, at *1 (S.D. Ill. Mar. 11, 2021) (authorizing service by email and text message); *Baidoo v. Blood-Dzraku*, 5 N.Y.S.3d 709, 716 (N.Y. Sup. Ct. 2015) (permitting service via Facebook and directing plaintiff to advise defendant via phone call and text message of such service).  Generally, cell phone numbers are durable, with the phone number tethered to their holders.  *See* Claire M. Specht, Note, *Text Message Service of Process— No LOL Matter: Does Text Message Service of Process Comport with Due Process?*, 53 B.C. L. Rev. 1929, 1954 & n.207 (2012) (discussing how service via text message directly targets a defendant and comports with due process).

Finally, Plaintiff also seeks to serve Defendant Alhunaif through WhatsApp and Facebook for the sake of thoroughness.  Courts often use service by social media, specifically,

8

"as a 'backstop' for service by other means." *Doe v. Hyassat*, 337 F.R.D. 12, 15 (S.D.N.Y. 2020) (collecting cases); *see also In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570, 2023 WL 2966563, at *3 (S.D.N.Y. Apr. 17, 2023) (approving service via publication and Twitter); *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 525 F. Supp. 3d 518, 527 (S.D.N.Y. 2021) (authorizing service on foreign defendant through email and WhatsApp message); *In re Bibox Grp. Holdings Ltd. Secs. Litig.*, No. 20 Civ. 2807, 2020 WL 4586819 (S.D.N.Y. Aug. 10, 2020) (authorizing service through, among other methods, "their social media accounts," and "corporate and personal email"); *Hardin v. Tron Found.*, No. 20 Civ. 2804, 2020 WL 5236941, at *3 (S.D.N.Y. Sept. 1, 2020) ("[S]ervice via known social media accounts is permissible[.]"); *PCCare247 Inc.*, 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013) (permitting service via email and Facebook because "the proposed service by Facebook is intended . . . to backstop the service upon each defendant at . . . its[] known email address"); *Ferrarese v. Shaw*, 164 F. Supp.3d 361, 368 (E.D.N.Y. 2016) (permitting service by email and Facebook messaging).

In a sworn declaration, Plaintiff's counsel Mr. Baran states that his law firm located a Facebook account that they are "reasonably certain" belongs to Defendant Alhuanif. Baran Decl. ¶ 18. They believe this is Defendant Alhuanif's Facebook account because Ms. Kumar identified the Defendant's account profile photo as Defendant Alhuanif, and the account lists Facebook "friends" that include multiple employees at the Ministry of Foreign Affairs. *See id.* ¶¶ 20-22. Meta confirmed the Facebook account remains active. *See* Werner Decl. ¶ 18. Furthermore, WhatsApp confirmed that Defendant Alhuanif has a WhatsApp account associated with his mobile number. *See id.* ¶¶ 19-21; *see also* ECF No. 26-4. The WhatsApp account is active and was last opened and viewed as recently as September 19, 2023. *Id.* Thus, Plaintiff has demonstrated a likelihood that service by Facebook and WhatsApp, as supplemental means

of service, is "reasonably calculated" to reach Defendant Alhuanif. *Luessenhop,* 466 F.3d at 269.

The Court finds it reasonable that service through two email addresses associated with Defendant Alhuanif is likely to reach him, and that additional backstop service through text message, WhatsApp, and Facebook will increase the likelihood that service will reach the Defendant. Having considered all the circumstances, the Court finds that multi-prong service through email, text message, WhatsApp, and Facebook comports with due process requirements.

### 2. Service on Defendant Aldhubaibi

Plaintiff proposes alternative service for Defendant Aldhubaibi through the same four channels (email, text, WhatsApp, and Facebook), but using her *spouse's* email and WhatsApp accounts instead of her own. The Court denies Plaintiff's Motion for Alternative Service for Defendant Aldhubaibi because Plaintiff proposes to serve Defendant Aldhubaibi at another person's email addresses rather than her own, and because Plaintiff's other proposed service methods are, at best, merely backstops to a proper service channel.

Plaintiff has not obtained a personal email address for Defendant Aldhubaibi, and instead proposes to serve through her spouse's email addresses. Plaintiff argues that Defendants are still married, so "such service would be reasonably likely to apprise Defendant Aldhubaibi of this action." Pl.'s Memo at 11. But Plaintiff does not present evidence to support this assumption. And while Plaintiff cites *Zavala v. Top Shelf Electric Corp.*, where the court authorized service through an email address that the plaintiff "reliably determined belongs to [the defendant's] wife," such electronic service via the defendant's spouse was made in "combination [with] certified mail" to the defendant's residence. No. 20 Civ. 9437, 2021 WL 3159849, at *1 (S.D.N.Y. June 14, 2021).

10

Here, unlike in *Zavala*, Plaintiff does not propose certified mail in addition to electronic messaging via Defendant Aldubaibi's spouse's email. Instead, Plaintiff requests to serve Defendant Aldhubaibi through her suspected Facebook account and text messages. *See* Pl.'s Memo at 11. Where courts have addressed service by text message, they have expressed concern over permitting service by text message unless it serves merely as a backstop for a primary mode of service that would satisfy due process concerns. *See, e.g.*, *Marvici*, 2021 WL 5323748, at *4. In *Marvici*, the court found service by text message was acceptable because it was one part of the following "multi-prong approach to service" that was "backstopping the plan also to serve [the defendant] by certified mail." *Id.*

Similarly, Facebook service has also been considered by courts as a "backstop for service by other means." *Hyassat,* 337 F.R.D. at 15-16. Since the Court's July 26, 2023, denial of Plaintiff's first motion for alternative service, Plaintiff did "not set forth any fact that would give the Court a degree of certainty that the Facebook profile . . . is in fact maintained" by Defendant Aldhubaibi. *Fortunato v. Chase Bank USA*, No. 11 Civ. 6608, 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012). Indeed, following third-party discovery, "Meta's subpoena response did not provide the full name of the account holder or an associated email address." Werner Decl. ¶ 17.

Plaintiff's multi-prong approach with respect to Defendant Aldhubaibi consists only of backstop approaches to service, raising questions regarding the likelihood that Plaintiff's motion is "reasonably calculated," under all the circumstances, to apprise Defendant Aldhubaibi. *Luessenhop,* 466 F.3d at 269. Without a proper primary method of service, Plaintiff's proposed service methods with respect to Defendant Aldhubaibi do not appear reasonably likely to provide Aldhubaibi "notice . . . of the pendency of the action and afford [her] an opportunity to present

11

[her] objections," *id.*, and thus, do not satisfy constitutional norms of due process.  The Court therefore denies the motion with respect to Defendant Aldhubaibi.

## CONCLUSION

For the reasons explained above, Plaintiff's motion for alternative service, ECF No. 24, is GRANTED with respect to Defendant Alhunaif, but DENIED with respect to Defendant Aldhubaibi.  Alternative service on Defendant Alhunaif must be effectuated within thirty (30) days of this order.  It is further ORDERED that each message attempting service shall advise Defendant Alhunaif of this action and include links and PDF files of the summons, complaint, and this order.  Following each attempt at service, Plaintiff shall file an affidavit attesting to such service on the docket.

The Clerk of Court is respectfully directed to close the motion at ECF No. 24.

SO ORDERED.

Dated: December 8, 2023
       New York, New York

_____
DALE E. HO
United States District Judge
