

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/7/2025
```

April 5, 2025

> Plaintiff's Letter Motion is GRANTED. Plaintiff shall file her Proposed Findings of Fact and Conclusions of Law **by May 2, 2025**. Plaintiff is not required to serve her Proposed Findings of Fact and Conclusions on Law on Defendant Aldhubaibi as she is not subject to the default or default judgment.
>
> SO ORDERED:
>
> *Katharine H. Parker*  4/7/2025
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE

**Submitted Via CM/ECF**

Hon. Katherine H. Parker
United States Magistrate Judge
U.S. District Court
500 Pearl Street, Room 750
New York, NY 10007

Re:   *Kumar v. Alhunaif*, No 1:23-cv-00321-DEH-KHP

Dear Judge Parker:

I am co-counsel for Plaintiff Leena Kumar in the above-referenced civil action alleging violations of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589, 1590, and 1595, the Fair Labor Standards Act, and New York Labor Law.

I write to request a two-week extension—until May 2, 2025—to submit Plaintiff's Proposed Findings of Fact and Conclusions of Law ("FF/CLs") with respect to damages as set forth in the Court's March 18, 2025 Order. ECF No. 78. Further, I write to request modification of the manner of service of the FF/CLs. *Id.*

On March 17, 2025, Hon. Dale E. Ho entered an Opinion and Order denying Defendant Barrak Abdulmohsen Alhunaif's motion for relief from the default, granting Plaintiff's motion for default judgment, and denying Defendant Alhunaif's motion to dismiss. ECF No. 75; *see also* ECF No. 76 (order granting default judgment). Judge Ho then referred the matter to Your Honor for an inquest on Plaintiff's damages.

A.   **Extension Request**

Your Honor issued a Scheduling Order for Damages Inquest on March 18, 2025. ECF No. 78. The Scheduling Order requires Plaintiff to submit FF/CLs concerning damages and other monetary relief by April 18, 2025. *Id.*

Plaintiff has retained FTI Consulting to prepare a report on Plaintiff's damages. To allow FTI Consulting to prepare its report and for Plaintiff to incorporate the opinions in the report into her FF/CLs, Plaintiff seeks an extension until May 2, 2025. This proposed two-week extension will permit Plaintiff to submit thorough FF/CLs which we believe will assist the Court with the inquest.



John Hermina, counsel for Defendant Alhunaif, indicated by email on April 3, 2025 that he does not oppose Plaintiff's requested extension and asked that Defendant Alhunaif's response deadline not be shortened as a consequence of an extension granted to Plaintiff. Plaintiff does not oppose extending Defendant Alhunaif's deadline to respond to her FF/CL by two weeks; from May 19, 2025 until June 2, 2025.

This is Plaintiff's first request for an extension of this deadline.

**B.    Modification of Service Requirement**

Your Honor's Scheduling Order also provides that

> Plaintiff shall file with the Court and serve the unrepresented Defendant by the alternative manners of service previously authorized by the Court and serve the represented Defendant's counsel by mail with Proposed Findings of Fact and Conclusions of Law concerning all damages and any other monetary relief permitted under the entry of default (or default judgment).

ECF No. 78. However, the unrepresented Defendant, Khaledah Saad Aldhubaibi, remains a fugitive in the related criminal case, *see United States v. Barrak Abdulmohsan Alhunaif*, No. 1:22-cr-00538-JSR (S.D.N.Y)), and Plaintiff has not been able to locate reliable contact information for her. Therefore, Judge Ho permitted alternative service on Defendant Alhunaif (the subject of the default judgment motion here) but not on Defendant Aldhubaibi. ECF No. 29. Defendant Aldhubaibi has not been served and no default or default judgment has been entered against her. It is likely Plaintiff will dismiss her claim against Defendant Aldhubaibi.  (but maybe we don't want to say this.  Probably not.  Just noting it though.  I'm sure we'll have to say it at the inquest if it is in person.)

As the Court noted, Plaintiff successfully executed alternative service on Defendant Alhunaif, he has appeared in this lawsuit through counsel, and the Court has entered a default judgment against him. ECF Nos. 75 and 76. Because Defendant Alhunaif has appeared through counsel, Plaintiff therefore will serve her FF/CLs on his counsel by mail as set forth in the Scheduling Order. ECF No. 78. However, because the Court has not permitted a manner of alternative service on Defendant Aldhubaibi, and she is not subject to the default or default judgment, Plaintiff requests that the Your Honor modify the Scheduling Order to remove the requirement for alternative service on Defendant Aldhubaibi.



**C.    Conclusion**

In conclusion, Plaintiff respectfully requests that Your Honor (1) extend the time for Plaintiff to submit her FF/CLs until May 2, 2025; and (2) modify the Scheduling Order, ECF No. 78, to remove the requirement that Plaintiff serve Defendant Aldhubaibi by alternative means.

Thank you.

Respectfully,

/s/ Daniel Werner  
Daniel Werner  
Radford Scott, LLP  
125 Clairemont Ave., Suite 1080  
Decatur, GA 30030  
P: 678-271-0300  
E: dwerner@radfordscott.com

*Co-Counsel for Plaintiff*

cc:    All counsel (by CM/ECF)